UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV -00656-H

DAVONNE MASSEY and TIRANA DISHMAN                                         PLAINTIFFS

V.

BELLSOUTH TELECOMMUNICATIONS, LLC.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Davonne Massey and Tirana Dishman, bring this employment action against their former employer, BellSouth Telecommunications LLC ("BellSouth"). Both Plaintiffs assert violations of the Family Medical Leave Act ("FMLA"). First, they allege that BellSouth unlawfully interfered with their rights under the FMLA. Second, they allege that they were subjected to adverse employment actions after taking FMLA leave. BellSouth has moved for summary judgment. For the reasons that follow, the Court will sustain the motion.

**I.**

Both Plaintiffs were hired as Sales Associates at BellSouth and remained in that position throughout their employment at a call center in Louisville, Kentucky. Their job entailed taking calls from customers and selling them products and services. As Sales Associates, Plaintiffs were required to adhere to a Code of Ethics and meet certain objectives that BellSouth issued. Violations of the Code of Ethics were subject to various levels of discipline, depending on the gravity and number of the violation(s) previously accumulated by a particular employee.

A.

Massey began her employment at BellSouth in 2005. Several times throughout her career she took approved FMLA leave for a variety of medical reasons. In 2006, she took several

months of approved FMLA leave due to a collapsed stomach muscle. In 2007 and early 2008 she took several months of approved FMLA leave after her pregnancy and later for chronic hypertension. According to BellSouth's attendance reports, Massey took her last FMLA leave on April 2, 2010.

No one disputes that between February 2009 to October 2010, Massey received ten warnings, through letters, meetings, and emails, concerning her violations of company policy. She was also suspended for one day in August 2010 for a violation.[1] On October 18, 2010 BellSouth terminated Massey's employment, citing multiple violations of company policy. Massey contends that her supervisor, Marie Kaelin, informed her that BellSouth officers were looking for reasons to terminate her employment because she had utilized FMLA leave. Massey also says that another employee, Tonya Brashear, had similar FMLA leave and that company officials wanted to fire her as well. Regarding the discipline, Massey claims that another employee, Gary Kalbfleisch was suspended five times and was not fired, purportedly because his daughter was a supervisor at the time.

B.

Dishman began her employment at BellSouth in August of 2007. She contends that she and her children suffer from asthma which required her to take numerous days of FMLA leave throughout her employment. In December 2009, Dishman took several months of approved FMLA leave due to child birth. She returned to work in March of 2010. Once again, no one disputes that between January 2008 and August 2010 Dishman received ten warnings concerning

---

[1] Massey was suspended for failing to authenticate a customer during a phone call. Authentication of customer accounts was required by BellSouth. DN 20-5, p. 105-107.

violations of company policy.² These warnings took the form of emails and meetings. One of Dishman's violations led to a one-day suspension in August 2010.³

On September 21, 2010 BellSouth terminated Dishman, citing the numerous violations of company policies as justification. Dishman contends that her supervisor, Marie Kaelin, told her on three separate occasions that company officers were looking for reasons to fire her because she had taken numerous days of FMLA leave. Dishman also says that there was a physical list of people that company officers kept, targeting certain employees because they used FMLA leave. Dishman also claims that the majority of people that were fired from BellSouth used FMLA leave. She claims that she personally saw the list at one time and noticed that her name was on it.

Plaintiffs contend that that their use of FMLA contributed to their eventual termination by BellSouth. In response, BellSouth says that Massey and Dishman's employment was terminated due to multiple violations of company policies.⁴

## II.

BellSouth moved for summary judgment which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Here, "the moving party has the 'initial responsibility of informing the district court of the basis for its motion, and identifying those portions' of the record showing an absence of a genuine issue of fact." *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477

---

² Bellsouth provided documentation on the warnings that Dishman received throughout her employment. In her deposition, Dishman said that she does not recall all of the correspondence surrounding the violations but admits that it is possible she had been made aware of them previously. DN 20-3 p. 28-70.
³ Dishman was suspended for improperly stacking promotions which is a violation of BellSouth policy. DN 20-21, p. 6-7.
⁴ Bellsouth explains Massey's violations and termination in DN 20-1 p. 5-9. Bellsouth explains Dishman's violations and termination in DN 20-1 p. 9-15.

3

U.S. 317, 323 (1986)).  If the moving party can show that there is an absence of evidence to support essential elements of the nonmoving party's case, the burden of proof then shifts to the nonmoving party who "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting FED. R. CIV. P. 56(e)).

In support of their motion for summary judgment, Defendants have provided a thorough memorandum that addresses the each of Plaintiffs' claims.  Plaintiffs rely solely on their depositions in response to the motion for summary judgment.

**III.**

The FMLA entitles an eligible employee to as many as twelve weeks of leave during any twelve-month period if he or she has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). It is undisputed that both Plaintiffs took approved FMLA leave.  The question for the Court is whether or not doing so contributed to their terminations.

To establish a prima facie case of retaliatory discharge, Plaintiffs must show (1) that they availed themselves of a protected right under the FMLA, (2) that they were adversely affected by an employment decision, and (3) that there was a causal connection between the FMLA leave and the adverse employment action. *See Mengelkamp v. Lake Metropolitan Housing Authority*, 549 Fed.Appx. 323, 329-30 (6th Cir. 2013) (citing *Canitia v. Yellow Freight Sys., Inc*., 903 F.2d 1064, 1066 (6th Cir.1990)).  The Court analyzes FMLA retaliation claims based upon indirect evidence under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  If Plaintiffs establish a prima facie case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions.

*McDonnell* 411 U.S. at 802. The Court will discuss these elements as they apply to each Plaintiff in turn.

### A.

Massey took several months of FMLA leave throughout her career and suffered an adverse employment decision when she was fired from her position at BellSouth. Therefore, she has established the first two elements. The only question remaining is one of causation.

Sometimes, the length of time between the FMLA leave and the adverse employment decision is considered indirect evidence of a causal connection. *See Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314-15 (6th Cir. 2001). Here, more than six months elapsed between Massey's last FLMA leave and her termination. Absent other evidence, this is too lengthy a period to constitute even indirect evidence of a causal connection. See *Wallner v. J.J.B. Hilliard, W.L. Lyons LLC*, No. 3:11–CV–00359–CRS 2013, WL 5934145, at *10-11 (W.D. Ky. Nov. 5, 2013). The only other potential source of evidence is Massey's claim that her supervisor, Marie Kaelin, told her that certain unidentified company officers were looking for reasons to fire her because she used FMLA. Marie Kaelin disputes this claim and the Sixth Circuit has held that hearsay evidence cannot be considered in motions for summary judgment. See *Wiley v. U.S.*, 20 F.3d 222, 225-26 (6th Cir. 1994) (citing *Daily Press, Inc. v. United Press Intern.*, 412 F.2d 126, 133 (6th Cir. 1969)).

Even when viewed in the most favorable light, Massey's claim is not sufficient to establish indirect evidence of a causal connection. A "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to survive summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252. Without any evidence of a causal connection between

5

Massey's firing and her FLMA leave, she cannot establish a prima facie case of retaliatory discharge.

**B.**

Dishman's case is very similar. She also took several months of FMLA leave and suffered an adverse employment decision when she was fired from her job at BellSouth. But as with Massey, Dishman's attempt to establish a prima facie case falls short because there is no evidence of a causal link between her FMLA leave and her termination. In March 2010, Dishman took her last day of FMLA leave. She was fired about six months later. Dishman claims that she was approached by her supervisor, Marie Kaelin, on three separate occasions and told that certain unidentified company officers were looking for reasons to fire her because of FMLA use. She also said that she saw a physical list of people that the company officers were targeting because of their FMLA use. However, she could not describe the list or its purpose other than to say that it contained her name.

For the same reasons previously discussed, neither of these claims are sufficient indirect evidence because hearsay evidence cannot be considered in motions for summary judgment; and therefore she cannot establish a prima facie case.

**IV.**

Even assuming that Massey and Dishman could establish a prima facie case of FMLA retaliation, BellSouth has offered sufficient evidence which demonstrates that it fired each of them for legitimate reasons. BellSouth gave both Massey and Dishman ten warnings each for violations of company code which included unaccounted absences, failure to work mandatory overtime, and various infractions involving customers. Massey was suspended for one day after failing to properly authenticate a customer account and Dishman was suspended for one day after

"stacking" promotions for a customer. BellSouth cited these examples of misconduct as the reasons for terminating Plaintiffs' employment. BellSouth, through an affidavit submitted by one of its employees, also provided a document listing examples of other employees who were disciplined for misconduct even though they had little or no FMLA leave.

Even after BellSouth has articulated facially legitimate reasons for terminations, neither Plaintiff could offer proof from which a reasonable jury could infer "that the proffered reason was not the true reason for the employment decision." *Texas Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Nor have they produced evidence that would lead the Court to reject the reasons for termination. Neither Plaintiff disputes that BellSouth cited them for numerous violations nor that the violations actually occurred. Neither effectively disputes that their violations could be sufficient reason for their termination. Neither has produced actual evidence of a similarly situated employee who BellSouth treated differently.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that that Defendant's Motion for Summary Judgment is SUSTAINED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record